An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
REINSTATEMENT OF DOUGLAS C.
CRAWFORD, BAR NO. 181.

No. 65284

**FILED**

JUN 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF REINSTATEMENT*

This is a petition for reinstatement to the practice of law by suspended attorney Douglas Crawford. A hearing panel of the Southern Nevada Disciplinary Board recommended that Crawford be reinstated to the practice of law, subject to conditions.[1]

---

[1]In February 2009, this court suspended Crawford from the practice of law for five years based on his misappropriation of client funds in order to support his gambling addiction. *See In re Discipline of Crawford*, Docket No. 51724 (Order of Suspension, February 18, 2009). In that order, we imposed numerous conditions pertaining to Crawford's application for reinstatement. *Id.* The State Bar contends that Crawford's reinstatement petition is premature because he has not satisfied one condition: the condition that he make restitution for the misappropriated funds. Our intent behind the imposition of that condition was to allow Crawford to petition for reinstatement after the expiration of his term of suspension, assuming all other conditions were met, if he could demonstrate that he had paid restitution in full *or* that he could demonstrate that he was making a regular, concerted, and continuous effort to satisfy his restitution obligation. Although he has not yet paid restitution in full, Crawford has demonstrated that he has been making a regular, concerted, and continuous effort to satisfy his debt. Thus, we conclude that his reinstatement petition is not premature.

15-18676

The hearing panel found that Crawford fulfilled the requirements of SCR 116 for an attorney seeking reinstatement and demonstrated by clear and convincing evidence that he has the moral qualifications, competency, and learning in law required for readmission to the practice of law. The panel further found that Crawford's resumption of the practice of law would not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest.

The panel recommended that Crawford be reinstated, and pursuant to this court's November 10, 2014, order, that Crawford be subject to the following amended conditions upon reinstatement: (1) Crawford shall refrain from engaging in any substance abuse of any kind, including alcohol and drugs, and shall refrain from gambling for as long as he remains a licensed attorney; (2) Crawford shall be mentored for a period of three years, and that Robert Dickerson be appointed as Crawford's initial mentor. If Mr. Dickerson is unwilling or unable to serve in that capacity, then an alternative mentor will be selected with the approval of the State Bar. Crawford will fully cooperate with the mentor; (3) Crawford will submit semi-annual reports to the State Bar until full restitution is made. The reports will indicate the status of his restitution payments and include a verified oath regarding Crawford's abstinence from any and all substance abuse and gambling; (4) for the first two years following reinstatement, Crawford shall not engage in the solo practice of law. Crawford shall work in affiliation with and under the supervision of an established law office, and may not be the signatory on any trust and/or operating account; (5) if Crawford elects to open his own practice at the

end of two years, then Crawford's mentor shall review his trust and operating accounts regularly for the final year of mentoring and ensure that Crawford's salary restriction complies with the terms referenced herein; (6) Crawford shall receive an annual salary of no more than $25,000, with an increase of 5% each calendar year thereafter until full restitution is made. The remainder of Crawford's salary shall go toward restitution. Once full restitution is made, the salary cap shall be removed. In the event of an emergency, Crawford may apply to the State Bar for additional funds on a case-by-case basis and the State Bar shall have absolute discretion whether to grant or deny the request, including to grant the request for a different amount than requested; and (7) Crawford shall pay the costs of the reinstatement proceeding within one year of reinstatement.

SCR 116(2) requires that an attorney seeking reinstatement demonstrate, by clear and convincing evidence, that he or she "has the moral qualifications, competency, and learning in law required for admission to practice law in this state, and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest."

Having reviewed the record and the documents on file in this matter, we conclude that clear and convincing evidence supports the panel's findings and conclusions. We therefore approve the panel's recommendation that the petition be granted subject to conditions. However, this court imposes the additional condition that Crawford continue his gambling recovery efforts including regular attendance at Gamblers Anonymous, alumni, and aftercare meetings. Crawford's compliance with this condition shall be included in his semi-annual

reporting to the State Bar. Accordingly, Douglas Crawford is hereby reinstated to the practice of law, subject to the conditions set forth above. Crawford shall pay the costs of the reinstatement proceeding within one year of this order. *See* SCR 120.

It is so ORDERED.[2]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

---

[2]Crawford's motion, filed in Docket No. 51724, to recall the remittitur and for leave to file a motion to modify suspension is denied as moot.

DOUGLAS, J., with whom, SAITTA, J., agrees, dissenting:

I am concerned with the lack of restitution paid by Crawford to date. In addition, the condition providing that Crawford shall receive a stipulated salary until the restitution is paid in full appears to be largely unworkable and a potential hindrance to Crawford's recovery efforts. Because of these concerns, I would deny reinstatement at this time. Therefore, I dissent.

_____, J.
Douglas

I concur:

_____, J.
Saitta

cc: Jeffrey Albregts, Chair, Southern Nevada Disciplinary Board
Michael J. Warhola, LLC
State Bar of Nevada/Las Vegas
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court